REGINALD TERRELL, SB #127874
THE TERRELL LAW GROUP
P. O BOX 13315, PMB # 148
OAKLAND, CA 94661
Telephone:  (510) 237-9700
Facsimile:   (510) 237-4616
Email:  reggiet2@aol.com

DONALD AMAMGBO
AMAMGBO & ASSOCIATES
6167 BRISTOL PARKWAY, #325
CULVER CITY, CA 90230
Telephone: 310-337-1134
Facsimile: 310-337-1157
Email:  donald@amamgbolaw.com

Additional Counsel Listed On Signature Page

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRETHA WILKERSON, individually and on behalf of all others similar situated,<br><br>   Plaintiff,<br><br> vs.<br><br>SPRINT NEXTEL CORPORATION,<br><br>   Defendant.<br>_____/ | No.  C11-01040 PJH<br><br>CIVIL - CLASS ACTION<br><br>JURY TRIAL DEMANDED |

   Plaintiff Gretha Wilkerson brings this action on behalf of herself and all others similarly situated against defendant Sprint Nextel Corporation.  Plaintiff makes the following allegations upon information and belief, except as to allegations specifically pertaining to her, which are based on personal knowledge.

## **NATURE OF THE ACTION**

   1. Sprint made a contract with Gretha Wilkerson to provide unlimited data service to

four wireless phone lines, under Sprint's Everything Data Plus Share 3200 plan, for $179.97 per month. Sprint has improperly billed Gretha Wilkerson by billing her $209.97 per month for this service.

2. This is a class action against Sprint Nextel Corporation (hereafter "Sprint") for double-billing or over-billing Gretha Wilkerson and millions of other customers who had already subscribed to an "unlimited" data plan at a fixed monthly price, by charging those customers an additional $10.00 per month per line "Premium Data Add-On" fee for the same unlimited data service they had already paid for, at a contractually agreed price that did not include these charges.

3. Plaintiff and the class members are subscribers to Sprint data plans that provide for "unlimited data services." As of December 2010, this Sprint unlimited data plans includes the following:

    Everything Data 450 $69.99 (overage $0.45)

    Everything Data 900 $89.99 (overage $0.40)

    Simply Everything $99.99 line 1 ($89.99 2 or more lines)

    Everything Data Share 1500 $129.99 2 lines (lines 3-5 $19.99, overage $0.40)

    Everything Data Share 3000 $169.99 2 lines (lines 3-5 $19.99, overage $0.25)

    Everything Plus Data 500 $59.99 for Employee Referral customers (overage $0.45)

    Everything Plus Data 1000 $79.99 for Employee Referral customers (overage $0.40)

    Everything Plus Data Share 1600 $109.99 2 lines (lines 3-5 $14.99, overage $0.40)

    Everything Plus Data Share 3200 $149.99 2 lines (lines 3-5 $14.00, overage $0.25)

    SERO Premium 500 $40.00 (overage $0.45)

    SERO Premium 1250 $59.99 (overage $0.40)

Complaint for Damages

COMPLAINT

Sprint Business Essentials Message and Data Plans:

$69.99 Bus Essentials Msg & Data 400

$89.99 Bus Essentials Msg & Data 1000

$109.99 Bus Essentials Msg & Data 1400

$129.99 Bus Essentials Msg & Data 2000

$179.99 Bus Essentials Msg & Data 3000

$229.99 Bus Essentials Msg & Data 4000

$55.00 Bus Essentials & Data 0 (add-a-line plan; not available by itself)

Everything Business $89.99 (corporate-liable customers only)

Business Advantage Msg & Data Plans (corporate-liable customers only):

$59.99 Bus Advantage Msg & Data 200

$69.99 Bus Advantage Msg & Data 450

$89.99 Bus Advantage Msg & Data 900

$109.99 Bus Advantage Msg & Data 1350

$129.99 Bus Advantage Msg & Data 2000

$179.99 Bus Advantage Msg & Data 4000

4. Each of the unlimited data plans referenced above (hereafter "Unlimited Data Plans") includes, among other things, "unlimited domestic web access," and unlimited domestic text, picture mail, and video mail messages, and all you can stream, browse, email, chat, watch and game on the Sprint network.

5. On or about June 4, 2010, Sprint commenced sales of the HTC EVO 4G mobile phone device (hereafter, the "EVO"). At that time, Sprint began charging customers who were already contractually entitled to unlimited data service under an Unlimited Data Plan a "Premium Data Add-On" fee of $10.00 per month in order to get "unlimited" data if they used an EVO device. In a June 4, 2010 press release, Sprint explained: "A $10 per month Premium Data add-on is required for all HTC EVO 4G users, enabling a richer data experience than ever before at both 3G and 4G speeds." Analysts estimate that Sprint sold approximately 200,000 EVO devices

during the first weekend of June 2010.

6. On or about August 31, 2010, Sprint commenced sales of the Samsung EPIC 4G mobile phone device (hereafter, the "EPIC"). At that time, Sprint began charging customers who were already contractually entitled to unlimited data service under an Unlimited Data Plan a "Premium Data Add-On" fee of $10.00 per month in order to get "unlimited" data if they used an EPIC device. Sales of the EPIC were substantial, but analysts believed they fell somewhat short of the EVO sales during the first week. Sprint imposed the "Premium Data Add-On" fee because Sprint believed that customers with certain devices, such as the EVO and EPIC, would use more data on their unlimited plans.

7. The "Premium Data Add-On" fee is not a charge for 4G service.

8. The "Premium Data Add-On" fee is not a charge for premium data content. Sprint does not provide any "Premium" content in exchange for the payment of the "Premium Data Add-On" fee.

9. The "Premium Data Add-On" is not defined in Sprint's terms and conditions. Nor is there a definition or description of the "Premium Data Add-On" in any of Sprint's customer agreements. There is no service that Sprint provides that can be so identified.

10. "Premium Data Add-On" is a made-up term that Sprint created to attempt to disguise the fact that it was simply charging an additional fee for data services for which customers had already paid, and which Sprint was already obligated to provide, under existing contracts for Unlimited Data Plans.

11. Although these $10 charges have a modest effect on an individual customer's bill, they have a huge effect on Sprint's bottom line. Sprint had 42.8 million subscribers as of July 2010. Many of those subscribers purchased the EVO or EPIC and are being overbilled $10 per month per phone line. Based on the publicly available analysts' estimates, there are easily more than a million Sprint subscribers subject to such charges, who are collectively being overbilled by at least $10 million per month, or at least $120 million annually.

-4-

Complaint for Damages

COMPLAINT

## PARTIES

12. Plaintiff Gretha Wilkerson is a resident of Vallejo, Solano County, California.

13. Defendant Sprint Nextel Corporation ("Sprint") is a Kansas corporation with its principal place of business in Overland Park, Kansas.

## JURISDICTION AND VENUE

14. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) (2) (A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiff, as well as most members of the proposed class, are citizens of states different from the state of the Defendant.

15. The court has personal jurisdiction over Sprint because (i) Sprint conducts continuous, regular and systematic business in this District, and (ii) Sprint transacts significant business within this District.

16. Venue is proper in this court under 28 U.S.C. § 1391(b) because Sprint is subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS CONCERNING PLAINTIFF GRETHA WILKERSON

17. Plaintiff Gretha Wilkerson subscribes to the Sprint Everything Plus Data Share 3200 plan, with four lines of service. Under this plan, Plaintiff is contractually entitled to receive, and Sprint is contractually obligated to provide, unlimited data services, including domestic web access, and unlimited domestic text, picture mail, and video mail messages. This plan also provides 3200 shared anytime minutes for voice telephone calls.

18. On or about November 2010, Plaintiff purchased several cellular telephones. Plaintiff's November 11, 2010 bill showed, for the first time, a $10.00 charge for "Premium Data" for a total of $30.00.

19. Plaintiff's December 2010 bill showed a $10.00 charge for "Premium Data" for a total of $20.00.

20. To date, Plaintiff has been overbilled $35.00 in "Premium Data" charges for services that she was already contractually entitled to receive under her existing unlimited data

plan.

## CLASS ACTION ALLEGATIONS

21. Plaintiff seeks to represent a class defined as all persons in the United States and its territories who were subscribed to a Sprint Unlimited Data Plan and were charged an additional "Premium Data" fee (hereafter, the "class").

22. Plaintiff also seeks to represent a subclass defined as all the class members whose accounts show a California area code and billing address (hereafter, the "California subclass").

23. Members of the class and California subclasses are so numerous that their individual joinder herein is impracticable. On information and belief, based on analysts' estimates of EVO and EPIC sales by Sprint, members of the class number in excess of one million, and members of the California subclass number in the hundreds of thousands. The precise number of the class members and their identities are unknown to Plaintiff at this time, but will be determined through discovery of Sprint's billing records. Class members may be notified of the pendency of this action by mail, email and/or publication.

24. Common questions of law and fact exist as to all the class members and predominate over questions affecting only individual the class members. These common legal and factual questions include, but are not limited to:

    a. Whether Sprint improperly billed the class members for "Premium Data" charges when those class members were already entitled to unlimited data services under their existing data plans;

    b. What service, if any, Sprint provided in exchange for this "Premium Data" charge;

    c. Whether Sprint overcharged the class members by charging them more than the contractually agreed price for unlimited data service;

    d. Whether Sprint was unjustly enriched by such charges; and

    e. Whether Sprint's billing of "Premium Data" charges to customers already contractually entitled to unlimited data services is an unjust or unreasonable charge or practice under 47 U.S.C. § 201(b);

25. Common questions of law and fact exist as to all California subclass members, and predominate over questions affecting only individual California subclass members. These common legal and factual questions include, but are not limited to:

   a. Whether Sprint's billing of "Premium Data" charges to customers already contractually entitled to unlimited data services is an unlawful, unfair, or fraudulent business practice under California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200 *et seq*.

26. Plaintiff Gretha Wilkerson claims are typical of the claims of the class and California subclass members, because Plaintiff and each class member was billed a "Premium Data" charge despite already being contractually entitled to unlimited data services under their existing data plans.

27. Plaintiff is an adequate representative of the class and California subclass because her interests do not conflict with the interests of the class and California subclass members she seeks to represent, she has retained counsel competent and experienced in prosecuting class action, and she intends to prosecute this action vigorously. The interests of class and California subclass members will be fairly and adequately protected by Plaintiff and her counsel.

28. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of class and California subclass members. Each individual class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this court for consistent adjudication of the liability issues.

## FIRST CAUSE OF ACTION
### (Common Count for Money Had and Received)

29. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

30. Plaintiff brings this claim individually and on behalf of the members of the proposed class and California subclass against Defendant Sprint.

31. Sprint has improperly billed Plaintiff and the class members for "Premium Data" charges because those customers were already contractually entitled to unlimited data services under their existing data plans, and Sprint did not provide any different or additional service to those customers.

32. As a proximate result of Sprint's improper billings of "Premium Data" charges, Sprint has received monies from Plaintiff and the class members, and Sprint has no right thereto.

33. The monies received by Sprint for these charges belong to Plaintiff and the class members and must be returned to them.

34. WHEREFORE, Plaintiff seeks an order requiring Sprint to:

    (a) Pay damages according to proof;

    (b) Immediately cease the improper billing of "Premium Data" charges;

    (c) Make full restitution of all monies wrongfully obtained; and

    (d) Disgorge all ill-gotten revenues and/or profits.

## SECOND CAUSE OF ACTION
### (Breach Of Contract)

35. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

36. Plaintiff brings this claim individually and on behalf of the members of the proposed class and California subclass against Defendant Sprint.

37. Plaintiff and the class members are parties to valid contracts with Sprint.

38. Plaintiff and the class members have performed all of their duties and obligations under such contracts, except those excused by Sprint's nonperformance.

39. Sprint breached the contracts with Plaintiff and the class members by billing them over and above the contractually agreed price for "unlimited data" services by adding a "Premium Data" charge to the bills.

40. Plaintiff and the class members incurred damage as a proximate result of Sprint's breach because they paid the improper charges.

41. WHEREFORE, Plaintiff seeks an order requiring Sprint to:

    (a) Pay damages according to proof;

    (b) Immediately cease the improper billing of "Premium Data" charges;

    (c) Make full restitution of all monies wrongfully obtained; and

    (d) Disgorge all ill-gotten revenues and/or profits.

### THIRD CAUSE OF ACTION
### (Unjust Enrichment)

42. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

43. Plaintiff brings this claim individually and on behalf of the members of the proposed class and California subclass against Defendant Sprint.

44. Sprint received benefits from, and at the expense of, Plaintiff and the class members who paid "Premium Data" charges because those customers were already contractually entitled to unlimited data services under their existing data plans, and Sprint did not provide any different or additional service to those customers.

45. It would be unjust for Sprint to retain those benefits at the expense of Plaintiff and the class members.

46. WHEREFORE, Plaintiff seeks an order requiring Sprint to:

    (a) Pay damages according to proof;

    (b) Immediately cease the improper billing of "Premium Data" charges;

    (c) Make full restitution of all monies wrongfully obtained; and

    (d) Disgorge all ill-gotten revenues and/or profits.

**FOURTH CAUSE OF ACTION**
**(Violation of 47 U.S.C. § 201(b))**

47. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

48. Plaintiff brings this claim individually and on behalf of the members of the proposed class and California subclass against Defendant Sprint.

49. This court has jurisdiction over this claim pursuant to 47 U.S.C. § 207.

50. Sprint's billing of "Premium Data" charges to customers already contractually entitled to unlimited data services is an unjust or unreasonable charge or practice in violation of 47 U.S.C. § 201(b).

51. Plaintiff and the class members have standing to bring suit for the recovery of damages in any district court of competent jurisdiction under 47 U.S.C. § 207, because they incurred damage as a proximate result of Sprint's violation of 47 U.S.C. § 201(b) because they paid unjust and unreasonable "Premium Data" charges.

52. WHEREFORE, Plaintiff seeks an order, under 47 U.S.C. § 206, requiring Sprint to pay the full amount of damages sustained in consequence of Sprint's violations, together with a reasonable counsel or attorney's fee, to be fixed by the court in every case of recovery, which attorney's fee shall be taxed and collected as part of the costs in the case.

**FIFTH CAUSE OF ACTION**
**(Unlawful, Unfair, and Fraudulent Business Practices in Violation of the Unfair Competition Law, California Business and Professions Code §§ 17200 *et seq*.)**

53. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

54. Plaintiff brings this claim individually and on behalf of the members of the proposed class and California subclass against Defendant Sprint.

55. Sprint's billing of "Premium Data" charges to customers already contractually entitled to unlimited data services is an unlawful, unfair and fraudulent business practice in violation of Bus. & Prof. Code §§ 17200 *et seq*.

56. Plaintiff and members of the California subclass have suffered an injury in fact as a resulting in the loss of money as a result Sprint's unlawful, unfair and fraudulent business practices, because they have paid monies to Sprint for "Premium Data" charges when they were already contractually entitled to unlimited data services, and Sprint did not provide any different or additional service to those customers.

57. WHEREFORE, Plaintiff seeks an order, pursuant to Bus. & Prof. Code § 17203, (a) permanently enjoining Sprint from continuing to bill customers who are already contractually entitled to unlimited data services for "Premium Data" charges, (b) ordering Sprint to reverse any such charges that remain pending or unpaid, (c) ordering Sprint to make full restitution of all monies obtained as a result of these charges, and (d) to disgorge all ill-gotten revenues and/or profits obtained as a result of these charges.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the members of the proposed class and California subclass, pray: (a) for all forms of relief set forth above, (b) for an order certifying the proposed class and California subclass and appointing Plaintiff and her undersigned counsel of record to represent the proposed class and California subclass, (c) for punitive damages, (d) for payment of reasonable attorneys' fees, and (e) for such other and further relief as the court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action.

Date:  March 6, 2011                                    Respectfully submitted,


By: _____
REGINALD TERRELL

REGINALD TERRELL
THE TERRELL LAW GROUP
P. O BOX 13315, PMB # 148
OAKLAND, CA 94661
510 237 9700/FAX: 510 237 4616

DONALD AMAMGBO
AMAMGBO & ASSOCIATES
6167 BRISTOL PARKWAY, #325
CULVER CITY, CA 90230
Telephone:  310-337-1134
Facsimile:  310-337-1157

SYDNEY J. HALL, ESQ., SBN: 158151
LAW OFFICES OF SYDNEY J. HALL
1308 Bayshore Highway, Suite 220
Burlingame, CA 94010
Telephone:  (650) 342-1830
Facsimile:   (650) 342-6344